Dear Mr. Pynes:
You have requested the opinion of this office with regard to the legality of the Leesville City Marshal's Office continuing the employment of a part-time deputy marshal that has recently been elected to the Leesville City Council.
According to the information provided to me in your request, a Mr. Sullivan Battiste is a part-time employee of the City Marshal's Office and will soon or has already taken the office of Leesville City Councilman.
Act 122 of the 1962 Regular Legislative Session created the City Court of Leesville as well as the Marshal Office. The Act was incorporated into LSA-R.S. 13:2485.1 through LSA-R.S.13:2485.29. LSA-R.S. 13:2485.7, provides for the Marshal's Office and the appointment of deputies. LSA-R.S. 13:2485.7, states:
 A. The marshal is the executive officer of the court. He shall execute the orders and mandates of the court and, in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may, with the approval of the judge, appoint one or more deputy marshals, having the same powers and authority as the marshal, but the marshal shall be responsible for their actions.
LSA-R.S. 13:2485.25 deals with the collection of fines, forfeitures, penalties and costs. The statute states:
 Except as otherwise provided by special laws, the clerk of the city court or the marshal, as designated by the city judge, shall collect all fines, forfeitures, penalties and costs, and all funds so collected by them, excluding cost, shall be paid into the town or city treasury for the town or city of Leesville when the prosecution is on behalf of the city or town of Leesville, into the treasury for the village or town of Llano when the prosecution is on behalf of the village or town of Llano, and into the parish treasury when the prosecution is on behalf of the state or parish.
Because the marshal's office collects fines and pays such fines to the city of Leesville, such dual office holding and dual employment is prohibited under the provisions of LSA-R.S. 42:64.
LSA-R.S. 42:64, states in pertinent part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 * * *
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
Mr. Battiste is now a city councilman and under the provisions of LSA-R.S. 42:64, he is prohibited from holding both offices as city councilman and deputy marshal, because certain funds received by the marshal's office are in fact turned over or deposited with the city of Leesville.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb